UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IREDELL SANDERS, )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>UNIVERSITY OF NOTRE DAME, )<br>    Defendant, ) | CAUSE NO. 3:21-CV-404-RLM-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Objection to Defendant's First Set of Interrogatories [DE 24], filed October 15, 2021, and Defendant's Response to Plaintiff's Objection to Defendant's First Set of Interrogatories [DE 26], filed October 26, 2021.

Defendant propounded its interrogatories and request for production of documents to Plaintiff on September 16, 2021. Plaintiff objects to the requests, arguing that they are unduly burdensome. Defendant argues that its discovery requests are proper, and that it would be willing to discuss Plaintiff's concerns and modify its discovery, except that Plaintiff filed the objection on the record rather than speaking directly with counsel for Defendant. Defendant request that the Court find that Plaintiff violated Local Rule 37-1 and require him to respond to Defendant's requests.

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 26 also allows the

1

Court, for good cause, to issue an order to protect a party from discovery "from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1)(D). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

Although Defendant appears to be construing Plaintiff's objections as a motion for protective order, the Court notes that, as it explained to the parties at the preliminary pretrial conference, the Local Rules require that "[a]ll discovery material in cases involving a pro se party must be filed." N.D. Ind. L.R. 26-2(a)(2). Plaintiff did not style his objection as a motion for protective order, although he did request some relief from the Court. Since he was required to file his response to the discovery requests on the docket, the Court will not construe the objection as a motion for protective order, but merely as a response to the discovery requests. If Defendant wishes to compel Plaintiff to respond more thoroughly to specific interrogatories or requests for production, it may comply with the requirements of Local Rule 37-1 and Federal Rule of Civil Procedure 37 to attempt to work out the dispute without involving the Court and then file a motion, as necessary. Likewise, if Plaintiff wishes to seek a protective order to have the Court to limit discovery requests in this matter, he must first attempt to work out the dispute directly with counsel for Defendant. If Court intervention is still needed, he may file a motion, identified as a motion in the title of the document, and a supporting brief. *See* N.D. Ind. L.R. 7-1(a), (b).

In short, all discovery must be filed on the docket in this case, since Plaintiff is proceeding *pro se*, and the Court will not construe discovery filings as motions. If there is a dispute regarding discovery, the parties are to attempt to work it out without Court intervention and then, if resolution is not possible, file a motion with supporting brief in accordance with Local Rule 7-1.

Accordingly, the Court hereby **DECLINES** to treat Plaintiff's Objection to Defendant's First Set of Interrogatories [DE 24] as a motion and **DENIES** the relief requested in Defendant's Response to Plaintiff's Objection to Defendant's First Set of Interrogatories [DE 26].

SO ORDERED this 17th day of November, 2021.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff *pro se*