UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IREDELL SANDERS, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSITY OF NOTRE DAME, )<br>      Defendant, ) | CAUSE NO. 3:21-CV-404-RLM-JEM |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion to Dismiss for Plaintiff's Failure to Participate in Discovery [DE 70], filed by Defendant on January 9, 2023. Defendant request that the Court dismiss this action because of Plaintiff's failure to participate in discovery.

On January 30, 2023, Judge Robert L. Miller entered an Order [DE 76] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

**I.      Background**

On June 7, 2021, Plaintiff filed his Complaint alleging that Defendant violated the Family and Medical Leave Act when it terminated his employment. The Court held a pretrial conference on September 9, 2021, at which it set discovery deadlines and explained to Plaintiff the importance of participating in discovery.

On September 16, 2021, Defendant propounded interrogatories to Plaintiff. [DE 17]. His only response was a blanket objection that the requests were inappropriately burdensome. [DE 24]. At a status conference on December 2, 2021, the Court again reminded Plaintiff of the need to

1

comply with discovery, and Plaintiff subsequently filed a more complete response to some of the interrogatories with a more specific explanation for why he refused to answer some of the questions or to provide the requested documents. [DE 34].

On May 3, 2022, Defendant issued a notice to take Plaintiff's deposition. [DE 37]. Plaintiff responded on May 16, 2022 that he would not be attending and "will be using [his] rights under the fifth amendment in regards to this deposition." [DE 38]. The Court held another conference on June 9, 2022, at which it ordered Defendant to appear and cooperate at his deposition, explained to him that the Fifth Amendment protection against self-incrimination in criminal cases does not apply in civil cases, and reminded Plaintiff that since he brought this case, it is his responsibility to collect the evidence needed in support of his claim. The Court thoroughly described the deposition process and the importance of Plaintiff's participation, and explicitly warned him that failure to participate in the deposition or making unnecessary objections could lead to sanctions, including dismissal of the case. The Court helped the parties agree to a deposition date of July 20, 2022, and explicitly ordered Plaintiff to attend, repeating the time and location to ensure that he understood his obligations.

On July 20, 2022, Defendant filed a motion indicating that Plaintiff failed to appear for his deposition. [DE 44]. Plaintiff responded that he did go to the location of the deposition, but that Defendant was apparently late, and Plaintiff did not stay. [DE 46]. Another conference was held on August 4, 2022, to address Plaintiff's non-appearance, and the Court offered different options for Plaintiff's deposition to make it convenient for Plaintiff to appear. Plaintiff was again ordered to appear for his deposition, scheduled for August 18, 2022, and he agreed that he would do so. On August 30, 2022, Plaintiff filed a request for status conference indicating that he had been sick on August 18 and did not attend the deposition. [DE 49]. On September 8, 2022, a status

conference was held, as Plaintiff requested, but he failed to participate. An order was issued requiring Plaintiff to show cause for his failure to appear, warning Plaintiff that failure to participate would result in sanctions. [DE 52]. At the show cause hearing on September 29, 2022, the Court found cause for his non-appearance, but strongly warned Plaintiff of the need to participate in his case, including his deposition, and again warned him that failure to participate could result in sanctions, including monetary sanctions and dismissal of the case.

On November 17, 2022, another status conference was held, at which the Court again reminded Plaintiff that the Fifth Amendment does not apply to civil cases, that he was required to participate in his deposition and answer all reasonable questions, and that he could be sanctioned for failing to participate. On December 12, 2022, Defendant filed a notice reporting to the Court that Plaintiff showed for his deposition, but he refused to answer questions and left after only 11 minutes. [DE 64]. Defendant thereafter filed the instant Motion to Dismiss.

Plaintiff Sanders, who is proceeding *pro se*, filed a response on January 23, 2023, and on January 30, 2023, Defendant filed a reply, and on February 8, 2023, filed a document titled Answer to Motion to Dismiss [DE 80]. On February 9, 2023, the Court held a motion hearing and heard argument from both parties.

**II.    Analysis**

Defendant argues that Plaintiff's case should be dismissed under Rule 41(b) because of Plaintiff's failure to comply with the Court's orders and the Federal Rules and should be dismissed as a Rule 37(b) sanction for his failure to participate in discovery as ordered. Plaintiff argues that the case should not be dismissed because it is an assertion of his rights and he is entitled to vindication.

3

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Sanctions, including dismissal or prohibiting the disobedient party from introducing disputed matters into evidence, are also available under Rule 37 when "a party . . .fails to obey an order to provide or permit discovery," or fails to appear for their properly-noticed deposition Fed. R. Civ. P. 37(b)(2)(A), Fed. R. Civ. P. 37(d). The failure to obey a court order and the failure to participate in a deposition may also be treated as contempt of court. Fed. R. Civ. P. 37(b)(1), (b)(2)(A). A federal court has the inherent authority "'to fashion an appropriate sanction for conduct which abuses the judicial process,' including the 'particularly severe sanction' of dismissal." *Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011). Dismissal can be appropriate when a plaintiff fails to comply with a discovery order and that failure results from willfulness, bad faith,

4

or fault. *Farrar v. City of Chicago*, 61 F. App'x 967, 969 (7th Cir. 2003) (citations omitted). Dismissal of a claim with prejudice should be considered "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003).

Although Defendant moves for dismissal primarily due to Plaintiff's repeated failure to attend and participate in his depositions, Defendant notes that the deposition was particularly important in this case because Plaintiff was not forthcoming in the process of written discovery. Defendant was relying on the deposition as the main method of acquiring discovery and learning the specific facts Plaintiff is intending to rely on for his case. It argues that the case should be dismissed under Rule 41 for failure to prosecute and comply with the Court's orders that Plaitniff participate in his deposition, and also argues that the case should be dismissed under Rule 37(b) because of Plaintiff's failure to comply with the orders to participate in his deposition.

At the hearing, Sanders explained at length about why he deserved justice. When pressed about his failure to participate in discovery, he repeatedly emphasized that he does not want any information to be used against him and he asserted that the Fifth Amendment protects him from the need to disclose information about his case.

Plaintiff's conduct warrants dismissal under both Rules 37 and 41. He has repeatedly failed to attend or participate in his deposition, despite numerous orders from the Court that he do so, and has been repeatedly warned that failure to participate in discovery –particularly failure to answer questions in a deposition – could result in sanctions, including dismissal of the case. Plaintiff argues that he has suffered from physical and mental health symptoms that make it difficult for him to participate, but both the Court and Defendant have attempted to accommodate

5

him, affording Plaintiff numerous attempts to schedule a deposition at a convenient time and location.

The one time Plaintiff attended his deposition long enough to be sworn in, he refused to answer questions, including questions specifically directed to the basis of his claims in this suit, despite the attempts of counsel for Defendant to narrow and tailor the questions as much as possible. Plaintiff has repeatedly failed to comply with the Court's orders that he cooperate with discovery and specific orders that he attend and participate in his deposition, and he has failed to attend his properly-noticed deposition multiple times. The sanction of taking certain evidence as established or preventing Plaintiff from opposing designated claims under Rule 37(b)(2)(A) would essentially result in judgment in favor of Defendant, as very little other evidence has been adduced in discovery, but would require time and work from Defendant to file a motion for summary judgment or proceed to trial. Likewise, Plaintiff, who has been granted leave to proceed *in forma pauperis*, is unlikely to be able to pay a monetary award, making that an ineffective sanction. Plaintiff has repeatedly failed to comply with the Court's directives, has missed hearings and depositions, and his behavior has necessitated a large number of conferences with the Court. The repeated failure to provide needed discovery responses prejudices Defendant's ability to defend against the case, as well as costing it money in attorney fees. *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) ("[The Seventh Circuit Court of Appeals] ha[s] suggested a number of factors that are relevant to the district court's decision: the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents."). Given the conduct of Plaintiff,

this case presents one of those "extreme situations" where dismissal is appropriate. *Gabriel*, 514 F.3d at 736. The Court also finds that proper warning has been given to Plaintiff. *See id.*; *see also Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993) ("'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . But there should be an explicit warning in every case."). In this case, Plaintiff has been repeatedly warned that failure to participate in discovery, failure to attend hearings, and failure to attend and answer questions at his deposition could lead to sanctions, including dismissal of his case. Given Plaintiff's repeated failures to follow court orders and participate in discovery, and the ineffectiveness of other available sanctions, the Court recommends that the case be dismissed pursuant to both Rule 37 and 41.

Defendant has requested attorney fees incurred in its multiple attempts to take Plaintiff's deposition and in the filing of the instant motion and under most circumstances would be entitled to those fees. Fed. R. Civ. P. 37(d) ("[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). However, in this case, Plaintiff's lack of funds would make such an award futile, and the Court concludes that the dismissal of his action is sufficient. Accordingly, it recommends that fees not be awarded.

### III. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that District Court Judge James T. Moody **GRANT** the Motion to Dismiss for Plaintiff's Failure to Participate in Discovery [DE 70] and **DISMISS** this case with prejudice, but not order Plaintiff to pay attorney fees.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections to the decision on the Motion for Sanctions with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc*., 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 13th day of February, 2023.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record  
      Judge Robert L. Miller